UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gregory Vanes,

      Petitioner,

v.                                                                                   Civil No. 18-2376 (JNE/BRT)
                                                                                  ORDER

Warden R. Marques,

      Respondent.

Pro se Petitioner filed a petition under 28 U.S.C. § 2241. He argues that the Bureau of Prisons ("BOP") improperly placed him on a medical hold that prevented his release to a Residential Reentry Center. ECF No. 1. The BOP has since removed the medical hold. Petitioner also argues that BOP officials were deliberately indifferent to his serious medical needs and offered inadequate medical care in violation of the Eighth Amendment. *Id.*

In a Report and Recommendation ("R&R") dated October 17, 2018, the Honorable Becky R. Thorson, United States Magistrate Judge, found that Petitioner's claims challenging the medical hold are moot, because the BOP has already removed the medical hold. The R&R recommended dismissal of claims related to the medical hold. ECF No. 29. Petitioner filed no objection. The Court dismisses these claims as moot.

The R&R next found that the Court lacks subject matter jurisdiction over Petitioner's Eighth Amendment claim. The R&R recommended that the Court likewise dismiss this claim. *Id.* Petitioner again filed no objection.

1

If a "prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (citation omitted). Petitioner's Eighth Amendment claim does not challenge the validity or length of his detention; it challenges the conditions of his confinement. So the Court cannot consider this claim in his habeas corpus petition.

But the Eighth Circuit cautions against outright dismissal of conditions-of-confinement claims improperly asserted in pro se petitions for habeas corpus. Instead, before dismissing such claims, the Eighth Circuit instructs courts to give pro se petitioners "the option to pursue the claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388" (1971). *Id.* at 468. The Court does so here.

Based on the foregoing, and all the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [ECF No. 1] is DISMISSED WITHOUT PREJUDICE as to his challenge to the medical hold.

2. The Court grants Petitioner 30 days to file an amended pleading asserting a civil rights claim under *Bivens*. If Petitioner fails to file an amended pleading within 30 days of this order, the Court will dismiss this action without prejudice.

Dated: January 7, 2019

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge